Case 2:16-cv-00066 Document 55 Filed in TXSD on 11/16/16 Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
November 16, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARTIST THORNTON, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-66 |
| | § | |
| HUGHES, WATTERS AND ASKANASE, | § | |
| LLP, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER ADOPTING MEMORANDUM AND RECOMMENDATION**

Pending before the Court are the following: EverBank's Motion to Dismiss (D.E. 10); Hughes, Watters & Askanase, LLP's Motion to Dismiss (D.E. 12); Plaintiffs' Request for Magistrate Judge B. Janice Ellington to be Recused (D.E. 33); EverBank's Motion to Dismiss Plaintiffs' Amended Complaint (D.E. 35); Hughes Watters & Askanase, LLP's [Second] Motion to Dismiss (D.E. 37); Plaintiffs' Motion to Rebut EverBank's Motion to Dismiss Amended Complaint (D.E. 40); and Applicants' [sic] Motion for Summary Judgment (D.E. 43). On October 21, 2016, United States Magistrate Judge B. Janice Ellington issued a Memorandum and Recommendation (D.E. 47), recommending that the request for her recusal be denied, the motions to dismiss be granted, Plaintiffs' motion to rebut and motion for summary judgment be denied, and claims against the unserved Defendants as well as any claim for wrongful foreclosure or forfeiture be dismissed without prejudice. Plaintiffs timely filed their objections (D.E. 53) on November 4, 2016.

In their first objection, Plaintiffs argue that they are entitled to view the "wet ink promissory note" to verify that Defendant note servicers are entitled to collect the debt that the note represents.  It is settled law that Texas mortgage debtors cannot prevail against debt collectors based on a show-me-the-note theory.  "[T]he mortgage servicer need not hold or own the note and yet would be authorized to administer a foreclosure." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013).  *See also, Rodriguez v. Bank of Am., N.A.*, 588 F. App'x 356, 358 (5th Cir. 2014), *cert. denied*, 136 S. Ct. 129 (2015).  Plaintiffs' first objection is **OVERRULED**.

Second, Plaintiffs object to the Magistrate Judge's recommendation that she not be recused from this case.  They base their objection on their refusal to consent to trial by the Magistrate Judge under Federal Rule of Civil Procedure 73.  Plaintiffs misunderstand the authority under which the Magistrate Judge is acting.  This is not a Rule 73 case.  Pursuant to 28 U.S.C. § 636(b)(1)(B), this Court may refer pretrial proceedings to a magistrate judge for findings of fact and recommendations regarding the disposition of motions, which recommendations are then presented to this Court for adoption or rejection after notice to the parties with an opportunity to object.  The Magistrate Judge issued her findings and recommendations in compliance with § 636(b) and Plaintiffs have had their opportunity to object.  Consequently, Plaintiffs' second objection is **OVERRULED**.

In their third, fourth, and sixth objections, Plaintiffs object to the construction and denial of their "motion to rebut EverBank's motion to dismiss" (D.E. 40) and the holdings given the state of the evidence, again arguing that they were entitled to an order

requiring Defendants to show them the "wet ink" promissory note and that Defendants cannot recover without that evidence. Again, Plaintiffs are not entitled to that relief and Defendants are entitled to collect on the note without showing the "wet ink" note. *Martins, supra*. Plaintiffs' third, fourth, and sixth objections are **OVERRULED**.

Fifth, Plaintiffs object to the dismissal without prejudice of the unserved Defendants, claiming that they have good cause for a one-day delay in service. However, the defects in service are not a matter of a single day's delay. Service on Defendant Walter Investment Corp. was apparently handled directly by Plaintiffs. Such service does not comply with Federal Rule of Civil Procedure 4(c)(2), which precludes service by a party to the case. D.E. 5. Service on Defendant Ditech was returned as undeliverable. D.E. 8. There is no evidence of the issuance of summons for, or attempt to serve, Defendants Green Tree or Walter Company. *See* D.E. 33. Therefore, none of these named Defendants were properly served and made parties to this case and dismissal without prejudice is appropriate. Plaintiffs' fifth objection is **OVERRULED**.

In a response to Plaintiffs' objections, Defendant EverBank, A Federal Savings Association and Everhome Mortgage, states a number of objections to Plaintiffs' offer of the Affidavit of William McCaffrey (D.E. 53, pp. 7-9). The Court **SUSTAINS** the objections.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and

Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiffs' objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.

Accordingly, the Court **DENIES:** Plaintiff's motion to recuse the Magistrate Judge (D.E. 33); Plaintiffs' motion to rebut EverBank's Motion to Dismiss (D.E. 40); and Plaintiffs' motion for summary judgment (D.E. 43). The Court **GRANTS** Defendants' motions to dismiss (D.E. 10, 12, 35, 37) and **DISMISSES WITH PREJUDICE:** Plaintiffs' claims for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*; violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C.A. § 1691 *et seq*; violations of the Texas Business and Commerce Code; and intentional infliction of emotional distress. Any claim of wrongful foreclosure or for injunctive relief to stop any forfeiture is **DISMISSED WITHOUT PREJUDICE**. Any claims against unserved Defendants are **DISMISSED WITHOUT PREJUDICE**. This action is **DISMISSED** in its entirety.

ORDERED this 16th day of November, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE